The truth of this plea is admitted by the demurrer. The State cannot divide an offense consisting of several trespasses into as many indictments as there are acts of trespass that would separately support an indictment and afterwards indict for the offense compounded of them all — as, for instance, just to indict for an assault, then for a battery, then for imprisonment, then for a riot, then for a mayhem, etc. But upon an indictment for any of these offenses the Court will inquire into the concomitant facts, and receive information thereof, by way of aggravating the fine or punishment, and will proportion the same to the nature of the offense as enhanced by all these circumstances; and no indictment will afterwards lie for any of these separate facts done at the same time. This plea is a good one, and must be allowed.
The plea was allowed and the defendant discharged.
NOTE. — A person may be indicted for an assault committed in view of the court though previously fined for the contempt. S. v. Yancy,4 N.C. 133, 519. An indictment pending on the county court may be pleaded in abatement to one in the Superior Court for the same cause. S. v.Yarborough, 8 N.C. 78. If a bill be merely found in the Superior Court, and before the party is taken he is indicted and convicted in the county court, he may plead the former conviction to the bill in the Superior Court. S. v. Tisdale, 19 N.C. 159.
Cited: S. v. Lindsay, 61 N.C. 470; S. v. Cross, 101 N.C. 779.